**11-3529-cv**
**Scottsdale Ins. Co. v. R.I. Pools Inc.**

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2012

(Argued:    October 19, 2012        Decided:    March 21, 2013)

Docket No. 11-3529-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

SCOTTSDALE INSURANCE COMPANY,

*Plaintiff-Appellee*,

v.

R.I. POOLS INCORPORATED, FRANCO IANNONE, and
VINCENZO IANNONE,

*Defendant-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before:    LEVAL, POOLER, and RAGGI, *Circuit Judges*.

Defendants, the insured, appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*), which granted summary judgment in favor of plaintiff insurance company, finding that the insurer had no duty to defend or indemnify as to suits for defects in swimming pools installed by insured, and that the insurer was entitled to reimbursement of defense costs previously expended. Vacated and remanded.

Matthew S. Lerner, Goldberg Segalla LLP, Albany, NY, for *Appellee*.

Charles W. Fleischmann, Bai, Pollock, Blueweiss & Mulcahey, P.C., Shelton, CT, for *Appellants*.

PER CURIAM:

Defendant R.I. Pools Inc. (hereinafter at times the "insured"), a Connecticut company in the business of installing swimming pools, appeals[1] from the judgment of the United States District Court for the District of Connecticut (Thompson, *J.*) granting summary judgment in favor of plaintiff Scottsdale Insurance Co., which insured R.I. Pools under commercial general liability policies. The insurance company brought this action seeking declaratory judgment that it had no obligations under the policies with respect to suits brought against R.I. Pools by purchasers of swimming pools for damage the purchasers sustained when cracks developed in their pools. The district court ruled that the insurer had no duty either to indemnify or defend the insured, and was furthermore entitled to the return of funds it had previously expended in the defense of the insured. We conclude that the court's ruling was error. We therefore vacate the judgment and remand for further proceedings.

## BACKGROUND

During the time period relevant to this case, Scottsdale insured R.I. Pools under commercial general liability insurance policies which contained the following provisions pertinent to this appeal.

Section I.A.1, which outlines the overall scope of coverage, provides:

> b. This insurance applies . . . only if:
> (1) The [injury or damage] is caused by an "occurrence" . . . .

Joint Appendix ("JA") 110. Section V.13 defines an "occurrence" as "an accident." JA 123.

---

[1]Franco and Vincenzo Iannone, who are officers of R.I. Pools, are co-insureds, co-defendants, and co-appellants.

2

Other sections, which are crucial to this appeal, address an exclusion from coverage. In relevant part, they provide:

> [I.A.2] This insurance does not apply to:
> . . .
>     l. Damage To Your Work
>        "Property damage" to "your work" arising out of it or
>        any part of it . . . .
>
>        This exclusion does not apply if the damaged work or
>        the work out of which the damage arises was performed
>        on your behalf by a sub-contractor.
>
> [V.22] "Your work":
>     a. Means:
>        (1) Work or operations performed by you or on your
>            behalf; and
>        (2) Materials, parts or equipment furnished in connection
>            with such work or operations.

JA 111, 114, 125.

We refer hereafter to the exclusion from coverage provided by section I.A.2.l, and the exception to it, as the "your-work exclusion" and the "subcontractor exception" to the your-work exclusion.

The policies also outline, in a section entitled "Supplementary Payments," the insurer's responsibility to defend the insured:

> 1. We will pay, with respect to any claim we investigate or settle,
>    or any "suit" against an insured we defend:
>    a. All expenses we incur.

JA 116. A "suit" is defined as "a civil proceeding in which damages . . . to which this insurance applies are alleged." JA 124.

R.I. Pools employed outside companies to supply concrete and to shoot the concrete into the ground. During the summer of 2006, it obtained its concrete from Paramount Concrete Inc., and used Shotcrete USA and BBA Enterprise to shoot the concrete.

In 2009, nineteen customers for whom R.I. Pools had installed pools in the summer of 2006 complained of cracking, flaking, and deteriorating concrete, causing the pools to lose water and, in some cases, rendering them unusable. Three customers filed suit against R.I. Pools. At first the insurer furnished defense costs. In August 2009, the insurer filed this suit, seeking a declaration that it had no duty to defend or indemnify because there was no coverage under the policies, and seeking reimbursement for defense costs already expended.

On September 22, 2010, the district court granted the insurer's motion for summary judgment. Relying primarily on *Jakobson Shipyard, Inc. v. Aetna Casualty & Surety Co.*, 961 F.2d 387 (2d Cir. 1992), the court reasoned that defects in the insured's workmanship could not be considered "accidents," therefore were not within the policy definition of "occurrences," and accordingly were not within the coverage. The court ruled that the insurer had no duty to defend or indemnify. In a supplemental opinion on August 15, 2011, the court further ordered the insured to reimburse the insurer for defense costs the insurer had already expended, finding that there was no duty to defend because there was no coverage under the policies. The insured brought this appeal.

**DISCUSSION**

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "[U]nder

4

Connecticut law, an insurance policy is to be interpreted by the same general rules that govern the construction of any written contract." *Arrowood Indem. Co. v. King*, 699 F.3d 735, 739 (2d Cir. 2012) (internal quotation marks, citations, and alteration omitted).

I.      Coverage Under the Policies

As noted, the district court relied on the reasoning of *Jakobson* to support its conclusion that the cracking of the concrete resulting from defects in the insured's work could not constitute an "accident" or "occurrence" under the terms of the policies. This was error. The policies at issue in this case differ significantly from the policy interpreted in *Jakobson*.

In *Jakobson*, Jakobson, a shipyard, which was insured under a comprehensive general liability policy, built and sold two tug boats to a towing company. The towing company sued Jakobson alleging that the boats' steering mechanisms, built by Jakobson, were defective. Jakobson sued its insurer for coverage of its liability to its customer, the towing company. The policy, like this one, limited coverage to an "occurrence," which was defined as an "accident." We ruled that a loss resulting from the insured's "faulty workmanship" did not result from an "accident," and thus did not constitute an "occurrence." Such a loss was accordingly not covered. *Jakobson*, 961 F.2d at 389.

The policies involved in this case, although similarly limiting coverage to an "occurrence," and similarly defining an "occurrence" as an "accident," contain additional clauses not present in the *Jakobson* policy, which render the reasoning of *Jakobson* inapplicable. As noted above, these policies expressly state that the insurance "does not apply to . . . '[p]roperty damage' to 'your [the insured's] work' arising out of it." They go on, however, to specify that this "exclusion [from coverage] does not apply if the damaged work . . . was performed on [the

5

insured's] behalf by a sub-contractor." Whereas *Jakobson* held that the insured's faulty workmanship could not be a covered occurrence under the policy, the present policies expressly provide that in some circumstances the insured's own work is covered. As coverage is limited by the policy to "occurrences" and defects in the insured's own work in some circumstances are covered, these policies, unlike the *Jakobson* policy, unmistakably include defects in the insured's own work within the category of an "occurrence." The fact that they fall within the category of an occurrence does not mean that they are covered. There is a further hurdle in the form of the express exclusion for the insured's work, subject to an exception when that work was performed by a subcontractor. Thus, the question whether the insured's liability for defects in its own work is covered turns on whether the subcontractor exception applies. The district court's analysis essentially read the subcontractor exception out of the policies.

Because the district court erred in ruling that defects in the insured's work are not within the scope of an "occurrence" and never considered the crucial question whether the defects come within the subcontractor exception to the express exclusion for the insured's own work, we vacate the judgment and remand for further proceedings.

II.     Reimbursement for Defense Costs Already Expended

"[T]he duty to defend is considerably broader than the duty to indemnify," *DaCruz v. State Farm Fire & Cas. Co.*, 846 A.2d 849, 857 (Conn. 2004), and "does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage," *Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co.*, 876 A.2d 1139, 1144 (Conn. 2005) (internal quotation marks and citation omitted). "If an allegation of the complaint falls even *possibly* within the

coverage, then the insurance company must defend the insured." *Id*. (internal quotation marks and citation omitted). As discussed above, in this case it is apparent that the damage to the pools caused by the cracked concrete "falls . . . possibly within the coverage" of the policies, and thus, that the insurer has a duty to defend. Because this duty exists up until the point at which it is legally determined that there is no possibility for coverage under the policies, Scottsdale has not shown entitlement to any reimbursement for defense costs it previously expended.

**CONCLUSION**

For the foregoing reasons, we conclude that the district court erred in granting summary judgment in favor of the insurer, and vacate the judgment and remand the case for further consideration in light of this opinion.